IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEX ZIVOJINOVICH,
JUSTIN ZIVOJINOVICH and
MICHELLE ZIVOJINOVICH,
GEDDY LEE WEINRIB, NEIL PEART,
113696 CANADA LIMITED, BY-TOUR, INC.,
S.R.O. MANAGEMENT INC.,
LDP ENTERTAINMENT, LERXST MUSIC INC. ,
DIRK MUSIC INC., PRATT MUSIC INC. and
THE ANTHEM ENTERTAINMENT GROUP INC.,

       Plaintiffs,

    vs                              Case No. 2:05-cv-263-FtM-29SPC

THE RITZ CARLTON HOTEL COMPANY, LLC
d/b/a THE RITZ CARLTON NAPLES,
FRANK BARNER, CHRISTOPHER KNOTT,
SCOTT RUSSELL and AMY STANFORD,

       Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiffs sue Defendants and allege:

    1.    This is an action brought pursuant to Title 42 U.S.C., Section 1983

and Title 28 U.S.C., Section 1343, seeking damages, including costs of litigation

and reasonable attorney's fees, against the Defendants for committing acts, under

color of state law, which deprived Plaintiff of rights secured by the Fourth, Fifth,

and Fourteenth Amendments to the Constitution of the United States. This Court

has original jurisdiction pursuant to Title 28 U.S.C., Sections 1331 and 1343.

2.      This court also has original diversity Jurisdiction pursuant to Title 28 U.S.C., Section 1332, with regard to the remaining counts, in that Plaintiffs are citizens or subjects of a foreign state, Canada, with the exception of BY-TOUR, INC. which is a Delaware corporation, and the amount of each claim exceeds the sum of $75,000.00.

3.      Plaintiffs seek Supplemental Jurisdiction of the Court against various Defendants for negligence and intentional tort pursuant to 28 U.S.C. 1367 in that such claims derive from a common nucleus of operative facts and are so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

4.      The violation of Plaintiff's rights alleged herein was committed within Collier County, Florida, and venue is proper in this district pursuant to 28 U.S.C. Section 1391(b).

5.      Plaintiffs ALEX ZIVOJINOVICH, JUSTIN ZIVOJINOVICH, MICHELLE ZIVOJINOVICH GEDDY LEE WEINRIB, NEIL PEART, 113696 CANADA LIMITED, S.R.O. MANAGEMENT INC., LDP ENTERTAINMENT, LERXST MUSIC INC. , DIRK MUSIC INC., PRATT MUSIC INC. and THE ANTHEM ENTERTAINMENT GROUP INC. are citizens or subjects of Canada

seeking recovery of in excess of $75,000.00 in damages against Defendants as is more specifically pled below, and Plaintiff BY-TOUR, INC. is a Delaware corporation seeking damages in excess of $75,000.00.

6.      Defendants KNOTT, RUSSELL and STANFORD were, at all times material hereto, employed by the Office of the Sheriff of Collier County and were acting individually, and in concert and conspiracy, under the color of authority of the laws of the State of Florida.

7.      Defendants THE RITZ CARLTON HOTEL COMPANY, LLC, d/b/a RITZ CARLTON NAPLES (Hereafter "RITZ,") through its agents, servants and employees, and BARNER were, at times material to certain of the allegations herein, willful participants and acting in concert with and under the direction of the Office of the Sheriff of Collier County and were therefore acting under the color of authority of the laws of the State of Florida as well as individually.

8.      On or about December 31, 2003, Plaintiffs, individuals within the jurisdiction of the United States at all time material hereto, were attending a New Year's Eve function sponsored and conducted by Defendant RITZ which consisted of dinner, music, dancing, alcoholic beverages and party favors at a significant cost per person.

9.     During the evening's festivities and celebration, Plaintiff JUSTIN and others twice went on the stage where the musicians were performing.

10.     After the second time on stage, Plaintiff JUSTIN was first asked by Defendants RITZ and BARNER not to get back on the stage or he would be required to leave the premises.

11.     Plaintiff JUSTIN strictly complied with that request and never set foot on the stage again, and, in fact, began peacefully eating his dinner.

12.     Defendant BARNER then directed that the Collier County Sheriff's office be called to come to the premises and evict Plaintiff JUSTIN.

13.     Employees of Defendant RITZ falsely advised the Collier County Sheriff's office that Plaintiff JUSTIN was engaged in dangerous and destructive behavior, when in truth and in fact that was not true.

14.     Defendants KNOTT and STANFORD were the first to respond to the call and proceeded to Defendant BARNER's location.

15.     Defendant BARNER advised Defendants KNOTT and STANFORD that he wanted Plaintiff JUSTIN removed from the premises, although Plaintiff JUSTIN had never been asked to leave.

16.     While one witness asserts that Defendant BARNER did tell the deputies that Plaintiff JUSTIN had refused to leave after being asked to do so,

Defendant BARNER says he did not ask Plaintiff JUSTIN to leave.

17.     Defendant KNOTT advised Plaintiff JUSTIN to gather his belongings because Plaintiff JUSTIN was to be escorted off the premises.

18.     Neither Defendant KNOTT nor any other person asked Plaintiff JUSTIN to leave or gave him the opportunity to leave through a nearby and easily accessible hotel exit or anywhere else.

19.     Instead, Defendants KNOTT and STANFORD physically restrained Plaintiff JUSTIN without any legal justification and forced him to walk through a back hallway and enter a stairwell leading to the service entrance.

20.     During that time Defendants KNOTT and STANFORD applied illegal and unjustified force and such force was excessive causing Plaintiff JUSTIN severe discomfort and pain.

21.     Defendants KNOTT and STANFORD, while continuing to illegally restrain Plaintiff JUSTIN and to cause him severe discomfort and pain, entered the aforesaid stairwell and began to descend the stairs, at which point Plaintiff JUSTIN pulled his right arm from Defendant STANFORD'S grasp to alleviate his discomfort.

22.     At that point, Defendants KNOTT and STANFORD, without legal authority or justification took Plaintiff JUSTIN to the floor with excessive force causing him further discomfort and pain.

23.     Defendant KNOTT then, again without legal authority or justification, applied the effects of a Taser gun consisting of some 50,000 volts of electricity on Plaintiff JUSTIN'S body with excessive force causing further discomfort and pain.

24.     Plaintiff JUSTIN was then again tasered multiple times by Defendants KNOTT and RUSSELL without legal authority or justification with excessive force causing him further discomfort and pain.

25.     Plaintiff JUSTIN was then arrested and handcuffed by Defendant BARNER who was acting in concert with, and with the consent of Defendants KNOTT, STANFORD and RUSSELL, in his capacity as an employee of Defendant RITZ, and thus under color of state law.

26.     Plaintiff JUSTIN was deprived of his liberty and required to be taken to the Collier County Jail, booked, detained, and then released.

27.     Plaintiff MICHELLE, in fear for the safety of her husband Plaintiff JUSTIN, verbally complained about the illegal and excessive force used against her husband and was arrested by Defendant RUSSELL without probable cause or any legal authority.

28.     Plaintiff MICHELLE was deprived of her liberty and required to be taken to the Collier County Jail, booked, detained, and then released.

29.     Plaintiff ALEX, in fear for the safety of his son Plaintiff JUSTIN, went to his son's assistance and was battered by Defendants STANFORD, KNOTT and/or RUSSELL and tased multiple times by one or more of the Defendants.

30.     The force used against Plaintiff ALEX was excessive and without legal justification, and caused him severe bodily and emotional injury.

31.     Plaintiff ALEX was illegally arrested, was deprived of his liberty without probable cause or legal justification, handcuffed, taken to the Collier County Jail, booked, detained, and then released on bond.

32.     Defendants RITZ, BARNER, KNOTT, STANFORD AND RUSSELL, acted in unlawful conspiracy with each other to injure Plaintiffs through the underlying torts as alleged below.

COUNT I
(Violation of Civil Rights- Justin/Knott)

33.     Defendant KNOTT illegally detained and restricted the freedom of Plaintiff JUSTIN and therefore Defendant KNOTT intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

34.     Defendant KNOTT used unnecessary and excessive force in escorting Plaintiff JUSTIN and therefore Defendant KNOTT intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

35.     As a direct and proximate result of the wrongful conduct of Defendant KNOTT as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life.

36.     The acts of Defendant KNOTT deprived Plaintiff JUSTIN of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

37.     Plaintiff JUSTIN has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendants pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, JUSTIN ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with

interest against Defendant KNOTT;

     B.    that the Plaintiff be awarded punitive damages against the

Defendant KNOTT;

     C.    that the Plaintiff be awarded costs of this litigation to be paid by

Defendant KNOTT; and

     D.    that the Plaintiff be awarded reasonable attorney's fees incurred in

connection with the prosecution of this matter to be paid by Defendant KNOTT.

COUNT II
(Violation of Civil Rights- Justin/Stanford)

38.    Defendant STANFORD illegally detained and restricted the freedom

of Plaintiff JUSTIN and therefore Defendant STANFORD intentionally or

recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39.    Defendant STANFORD used unnecessary and excessive force in

escorting Plaintiff JUSTIN and therefore Defendant STANFORD intentionally or

recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40.    As a direct and proximate result of the wrongful conduct of Defendant

STANFORD as alleged above, Plaintiff JUSTIN suffered bodily injury and

resulting pain and suffering, mental anguish, loss of employment, and loss of

Page 9 of  51

capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

41.     The acts of Defendant STANFORD deprived Plaintiff JUSTIN of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

42.     Plaintiff JUSTIN has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant STANFORD pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, JUSTIN ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant STANFORD;

B.     that the Plaintiff be awarded punitive damages against the Defendant STANFORD;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant STANFORD; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in

connection with the prosecution of this matter to be paid by Defendant
STANFORD.

## COUNT III
(Violation of Civil Rights- Justin/Russell)

43.     Defendant RUSSELL illegally detained and restricted the freedom of
Plaintiff JUSTIN and therefore Defendant RUSSELL intentionally or recklessly
disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth,
Fifth and Fourteenth Amendments to the Constitution of the United States.

44.     Defendant RUSSELL used unnecessary and excessive force in
escorting Plaintiff JUSTIN and therefore Defendant RUSSELL intentionally or
recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the
Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

45.     As a direct and proximate result of the wrongful conduct of Defendant
RUSSELL as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting
pain and suffering, mental anguish, loss of employment, and loss of capacity for
the enjoyment of life, as well as loss of the costs and related charges of his defense
of criminal charges.

46.     The acts of Defendant RUSSELL deprived Plaintiff JUSTIN of his
right to be free from the use of excessive force and otherwise deprived Plaintiff of
due process of law in violation of the rights, privileges, and immunities guaranteed

to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

47.     Plaintiff JUSTIN has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant RUSSELL pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, JUSTIN ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant RUSSELL;

B.     that the Plaintiff be awarded punitive damages against the Defendant RUSSELL;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant RUSSELL; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant RUSSELL.

COUNT IV
(Violation of Civil Rights- Michelle/Russell)

48.     Defendant RUSSELL illegally detained and restricted the freedom of Plaintiff MICHELLE and therefore Defendant RUSSELL intentionally or

recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

49.     Defendant RUSSELL used unnecessary and excessive force in arresting Plaintiff MICHELLE and therefore Defendant RUSSELL intentionally or recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

50.     As a direct and proximate result of the wrongful conduct of Defendant RUSSELL as alleged above, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of her defense to criminal charges.

51.     The acts of Defendant RUSSELL deprived Plaintiff MICHELLE of her right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

52.     Plaintiff MICHELLE has retained the undersigned law firm to bring

this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant RUSSELL pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff MICHELLE ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant RUSSELL;

B.     that the Plaintiff be awarded punitive damages against the Defendant RUSSELL;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant RUSSELL; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant RUSSELL.

COUNT V
(Violation of Civil Rights- Alex/Stanford)

53.     Defendant STANFORD illegally detained and restricted the freedom of Plaintiff ALEX and therefore Defendant STANFORD intentionally or recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

54.     Defendant STANFORD used unnecessary and excessive force in with regard to Plaintiff ALEX and therefore Defendant STANFORD intentionally or

recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

55.     As a direct and proximate result of the wrongful conduct of Defendant STANFORD as alleged above, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

56.     The acts of Defendant STANFORD deprived Plaintiff ALEX of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

57.     Plaintiff ALEX has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant STANFORD pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, ALEX ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant STANFORD;

B.     that the Plaintiff be awarded punitive damages against the

Defendant STANFORD;

C.     that the Plaintiff be awarded costs of this litigation to be paid by

Defendant STANFORD; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in

connection with the prosecution of this matter to be paid by Defendant

STANFORD.

## COUNT VI
### (Violation of Civil Rights- Alex/Russell)

58.     Defendant RUSSELL illegally detained and restricted the freedom of

Plaintiff ALEX and therefore Defendant RUSSELL intentionally or recklessly

disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth

and Fourteenth Amendments to the Constitution of the United States.

59.     Defendant RUSSELL used unnecessary and excessive force in

arresting Plaintiff ALEX and therefore Defendant RUSSELL intentionally or

recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

60.     As a direct and proximate result of the wrongful conduct of Defendant

RUSSELL as alleged above, Plaintiff ALEX suffered bodily injury and resulting

pain and suffering, mental anguish, loss of employment, and loss of capacity for

the enjoyment of life, as well as loss of the costs and related charges of his defense

to criminal charges.

61.     The acts of Defendant RUSSELL deprived Plaintiff ALEX of his right

to be free from the use of excessive force and otherwise deprived Plaintiff of due

process of law in violation of the rights, privileges, and immunities guaranteed to

the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the

Constitution of the United States of America.

62.     Plaintiff ALEX has retained the undersigned law firm to bring this

suit and has agreed to pay said law firm a reasonable fee for services rendered, and

is therefore entitled to reimbursement from Defendant RUSSELL pursuant to the

provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff ALEX ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with

interest against Defendant RUSSELL;

B.     that the Plaintiff be awarded punitive damages against the

Defendant RUSSELL;

 C.     that the Plaintiff be awarded costs of this litigation to be paid by

Defendant RUSSELL; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in

connection with the prosecution of this matter to be paid by Defendant RUSSELL.

COUNT VII
(Violation of Civil Rights- Alex/Knott)

63.     Defendant KNOTT illegally detained and restricted the freedom of

Plaintiff ALEX and therefore Defendant KNOTT intentionally or recklessly

disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth

and Fourteenth Amendments to the Constitution of the United States.

64.     Defendant KNOTT used unnecessary and excessive force in arresting

Plaintiff ALEX and therefore Defendant KNOTT intentionally or recklessly

disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth

and Fourteenth Amendments to the Constitution of the United States.

65.     As a direct and proximate result of the wrongful conduct of Defendant

KNOTT as alleged above, Plaintiff ALEX suffered bodily injury and resulting pain

and suffering, mental anguish, loss of employment, and loss of capacity for the

enjoyment of life, as well as loss of the costs and related charges of his defense to

criminal charges.

66.     The acts of Defendant KNOTT deprived Plaintiff ALEX of his right

to be free from the use of excessive force and otherwise deprived Plaintiff of due

process of law in violation of the rights, privileges, and immunities guaranteed to

the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the
Constitution of the United States of America.

67.     Plaintiff ALEX has retained the undersigned law firm to bring this
suit and has agreed to pay said law firm a reasonable fee for services rendered, and
is therefore entitled to reimbursement from Defendant KNOTT pursuant to the
provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff ALEX ZIVOJINOVICH, prays:

A.      that the Plaintiff be awarded compensatory damages, together with
interest against Defendant KNOTT;

B.      that the Plaintiff be awarded punitive damages against the
Defendant KNOTT;

C.      that the Plaintiff be awarded costs of this litigation to be paid by
Defendant KNOTT; and

D.      that the Plaintiff be awarded reasonable attorney's fees incurred in
connection with the prosecution of this matter to be paid by Defendant KNOTT.

## COUNT VIII
### (Violation of Civil Rights-Justin/Ritz)

68.     At all times material hereto, Defendant RITZ was acting through its
agents, servants and employees, and specifically through its managing agent in
charge, Defendant BARNER.

69.     The acts and conduct of Defendant RITZ as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD AND RUSSELL as deputy sheriffs, and thus under color of state law.

70.     Defendant RITZ illegally detained and restricted the freedom of Plaintiff JUSTIN and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

71.     Defendant RITZ used unnecessary and excessive force in escorting Plaintiff JUSTIN and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

72.     As a direct and proximate result of the wrongful conduct of Defendant RITZ as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

73.     The acts of Defendant RITZ deprived Plaintiff JUSTIN of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to

the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

74.    Plaintiff JUSTIN has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant RITZ pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, JUSTIN ZIVOJINOVICH, prays:

A.    that the Plaintiff be awarded compensatory damages, together with interest against Defendant RITZ;

B.    that the Plaintiff be awarded punitive damages against the Defendant RITZ;

C.    that the Plaintiff be awarded costs of this litigation to be paid by Defendant RITZ; and

D.    that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant RITZ.

COUNT IX
(Violation of Civil Rights- Justin/Barner)

75.    At all times material hereto, Defendant RITZ was acting through its agents, servants and employees, and specifically through its managing agent in charge, Defendant BARNER.

76.     The acts and conduct of Defendant BARNER as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD AND RUSSELL as deputy sheriffs, and thus under color of state law.

77.     Defendant BARNER illegally detained and restricted the freedom of Plaintiff JUSTIN and therefore Defendant BARNER intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

78.     Defendant BARNER used unnecessary and excessive force in escorting Plaintiff JUSTIN and therefore Defendant BARNER intentionally or recklessly disregarded the constitutional rights of Plaintiff JUSTIN secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

79.     As a direct and proximate result of the wrongful conduct of Defendant BARNER as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

80.     The acts of Defendant BARNER deprived Plaintiff JUSTIN of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed

to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

81.    Plaintiff JUSTIN has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant BARNER pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, JUSTIN ZIVOJINOVICH, prays:

A.    that the Plaintiff be awarded compensatory damages, together with interest against Defendant BARNER;

B.    that the Plaintiff be awarded punitive damages against the Defendant BARNER;

C.    that the Plaintiff be awarded costs of this litigation to be paid by Defendant BARNER; and

D.    that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant BARNER.

COUNT X
(Violation of Civil Rights- Michelle/Ritz)

82.    At all times material hereto, Defendant RITZ was acting through its agents, servants and employees, and specifically through its managing agent in charge, Defendant BARNER.

83.     The acts and conduct of Defendant RITZ as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD AND RUSSELL as deputy sheriffs, and thus under color of state law.

84.     Defendant RITZ illegally detained and restricted the freedom of Plaintiff MICHELLE and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

85.     Defendant RITZ used unnecessary and excessive force in escorting Plaintiff MICHELLE and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

86.     As a direct and proximate result of the wrongful conduct of Defendant RITZ as alleged above, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

87.     The acts of Defendant RITZ deprived Plaintiff MICHELLE of herright to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities

guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

88.     Plaintiff MICHELLE has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant RITZ pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, MICHELLE ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant RITZ;

B.     that the Plaintiff be awarded punitive damages against the Defendant RITZ;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant RITZ; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant RITZ.

## COUNT XI
### (Violation of Civil Rights- Michelle/Barner)

89.     At all times material hereto, Defendant RITZ was acting through its agents, servants and employees, and specifically through its managing agent in

charge, Defendant BARNER.

90.     The acts and conduct of Defendant BARNER. as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD AND RUSSELL as deputy sheriffs, and thus under color of state law.

91.     Defendant BARNER. illegally detained and restricted the freedom of Plaintiff MICHELLE, and therefore Defendant BARNER. intentionally or recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

92.     Defendant BARNER. used unnecessary and excessive force in dealing with Plaintiff MICHELLE and therefore Defendant BARNER. intentionally or recklessly disregarded the constitutional rights of Plaintiff MICHELLE secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

93.     As a direct and proximate result of the wrongful conduct of Defendant BARNER. as alleged above, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

94.     The acts of Defendant BARNER. deprived Plaintiff  MICHELLE of her right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

95.     Plaintiff MICHELLE has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant BARNER. pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, MICHELLE ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant BARNER.;

B.     that the Plaintiff be awarded punitive damages against the Defendant BARNER.;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant BARNER.; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant BARNER..

COUNT XII
(Violation of Civil Rights- Alex/Ritz)

96.     At all times material hereto, Defendant RITZ was acting through its agents, servants and employees, and specifically through its managing agent in charge, Defendant BARNER.

97.     The acts and conduct of Defendant RITZ as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD AND RUSSELL as deputy sheriffs, and thus under color of state law.

98.     Defendant RITZ illegally detained and restricted the freedom of Plaintiff ALEX and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

99.     Defendant RITZ used unnecessary and excessive force in escorting Plaintiff ALEX and therefore Defendant RITZ intentionally or recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

100.    As a direct and proximate result of the wrongful conduct of Defendant RITZ as alleged above, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, loss of past income and the ability to earn income, as well as loss of the costs and related charges of his defense of criminal charges.

101.   The acts of Defendant RITZ deprived Plaintiff ALEX of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

102.   Plaintiff ALEX has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant RITZ pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, ALEX ZIVOJINOVICH, prays:

A.     that the Plaintiff be awarded compensatory damages, together with interest against Defendant RITZ;

B.     that the Plaintiff be awarded punitive damages against the Defendant RITZ;

C.     that the Plaintiff be awarded costs of this litigation to be paid by Defendant RITZ; and

D.     that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant RITZ.

## COUNT XIII
(Violation of Civil Rights- Alex/Barner)

103.   At all times material hereto, Defendant RITZ was acting through its agents, servants and employees, and specifically through its managing agent in charge, Defendant BARNER.

104.   The acts and conduct of Defendant BARNER as alleged herein were done in wilful participation and conspiracy with Defendants KNOTT, STANFORD and RUSSELL as deputy sheriffs, and thus under color of state law.

105.   Defendant BARNER illegally detained and restricted the freedom of Plaintiff ALEX and therefore Defendant BARNER intentionally or recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

106.   Defendant BARNER used unnecessary and excessive force in dealing with Plaintiff ALEX and therefore Defendant BARNER intentionally or recklessly disregarded the constitutional rights of Plaintiff ALEX secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

107.   As a direct and proximate result of the wrongful conduct of Defendant BARNER as alleged above, Plaintiff  ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

108.   The acts of Defendant BARNER deprived Plaintiff ALEX of his right to be free from the use of excessive force and otherwise deprived Plaintiff of due process of law in violation of the rights, privileges, and immunities guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

109.   Plaintiff ALEX has retained the undersigned law firm to bring this suit and has agreed to pay said law firm a reasonable fee for services rendered, and is therefore entitled to reimbursement from Defendant BARNER pursuant to the provisions of 42 U.S.C. 1983.

WHEREFORE, Plaintiff, ALEX ZIVOJINOVICH, prays:

A.   that the Plaintiff be awarded compensatory damages, together with interest against Defendant BARNER;

B.   that the Plaintiff be awarded punitive damages against the Defendant BARNER;

C.   that the Plaintiff be awarded costs of this litigation to be paid by Defendant BARNER; and

D.   that the Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this matter to be paid by Defendant BARNER.

## COUNT XIV
### (Negligence- Alex/Ritz)

110.    At all times material hereto, Defendant RITZ had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

111.    At all times material hereto, Defendant RITZ had a duty to apply accepted industry standards of guest relations and procedures to the Plaintiffs.

112.    At all times material hereto, Defendant RITZ had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident for which they were summoned.

113.    Defendant RITZ breached its duty to Plaintiffs, and specifically Plaintiff ALEX, by failing to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and truthfully advise law enforcement of the true facts of the incident.

114.    It was foreseeable to Defendant RITZ that harm would come to Plaintiff ALEX as a result of its breaches of duty in that intervention by law enforcement carries with it known risks of physical injury and deprivation of rights.

115.    As a direct and proximate result of the wrongful conduct of Defendant

RITZ as alleged above, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

WHEREFORE Plaintiff ALEX demands judgment for damages and costs of the action against Defendant RITZ.

## COUNT XV
### (Negligence- Alex/Barner)

116.   At all times material hereto, Defendant BARNER had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

117.   At all times material hereto, Defendant BARNER had a duty to apply accepted industry standards of guest relations and procedures to the Plaintiffs.

118.   At all times material hereto, Defendant BARNER had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident.

119.   Defendant BARNER breached his duty to Plaintiffs, and specifically Plaintiff ALEX, by failing to advise Defendant JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and

truthfully advise law enforcement of the true facts of the incident.

120.  It was foreseeable to Defendant BARNER that harm would come to Plaintiff ALEX as a result of its breaches of duty in that intervention by law enforcement carries with it known risks of physical injury and deprivation of rights.

121.  As a direct and proximate result of the wrongful conduct of Defendant BARNER as alleged above, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, and the cost of medical care.  Such injuries are either permanent or continuing, as well as loss of the costs and related expenses of his defense of criminal charges.

WHEREFORE Plaintiff ALEX demands judgment for damages and costs of the action against Defendant BARNER.

COUNT XVI
(Battery - Alex/Ritz)

122.  Plaintiff ALEX was intentionally physically struck and/or unlawfully touched by co-conspirators of Defendant RITZ, Russell and Stanford, against his will.

123.  As a direct and proximate result, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and

loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff ALEX demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

## COUNT XVII
(Battery-Alex/Barner)

124.   Plaintiff ALEX was intentionally physically struck and/or unlawfully touched by co-conspirators of Defendant BARNER, Russell and Stanford, against his will.

125.   As a direct and proximate result, Plaintiff ALEX suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff ALEX demands judgment for compensatory and punitive damages and costs of the action against Defendant BARNER.

## COUNT XVIII
(False Imprisonment-Alex/Ritz)

126.   By being placed in physical custody,  handcuffs, a law enforcement vehicle and the county jail, Plaintiff ALEX was falsely imprisoned.

127.   Defendant RITZ, through its agents servants and employees,

including, but not limited to, Defendant BARNER, personally and actively participated in the procurement of Plaintiff ALEX's false imprisonment by falsely reporting the facts of a disturbance and acting in concert with law enforcement to batter and illegally arrest Plaintiff ALEX.

128.   Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff ALEX had broken no laws and was not otherwise a danger to Defendant RITZ.

129.   As a direct and proximate result Plaintiff ALEX was damaged.

WHEREFORE Plaintiff ALEX demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

## COUNT XIX
### (False Imprisonment - Alex/Barner)

130.   By being placed in physical custody, handcuffs, a law enforcement vehicle and the county jail, Plaintiff ALEX was falsely imprisoned.

131.   Defendant BARNER personally and actively participated in the procurement of Plaintiff ALEX's false imprisonment by acting in concert with co-conspirators Knott, Stanford and Russell as alleged herein.

132.   Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff ALEX broken no laws and was not otherwise a danger to Defendants.

133.   As a direct and proximate result Plaintiff ALEX was damaged.

WHEREFORE Plaintiff ALEX demands judgment for damages and costs of the action against Defendant BARNER.

## COUNT XX
### (Battery- Justin/Ritz)

134.   Plaintiff JUSTIN was physically struck and/or unlawfully touched by Defendant RITZ and co-conspirators  Defendants Knott, Russell and Stanford, against his will.

135.   As a direct and proximate result, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff JUSTIN demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

## COUNT XXI
### (Battery- Justin/Barner)

136.   Plaintiff JUSTIN was physically struck and/or unlawfully touched by Defendant BARNER and co-conspirators Knott, Russell and Stanford, against his will.

137.   As a direct and proximate result, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff JUSTIN demands judgment for damages and costs of the action against Defendant BARNER.

## COUNT XXII
### (False Imprisonment- Justin/Ritz)

138.   By being placed in physical custody, handcuffs, a law enforcement vehicle and the county jail, Plaintiff JUSTIN was falsely imprisoned.

139.   Defendant RITZ personally and actively participated in the procurement of Plaintiff JUSTIN's false imprisonment by handcuffing him and acting in concert with co-conspirators Knott, Stanford and Russell as alleged herein.

140.   Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff JUSTIN had broken no laws and was not otherwise a danger to Defendants.

141.   As a direct and proximate result, Plaintiff JUSTIN was damaged.

WHEREFORE Plaintiff JUSTIN demands judgment for damages and costs of the action against Defendant RITZ.

## COUNT XXIII
### (False Imprisonment- Justin/Barner)

142.   By being placed in physical custody, handcuffs, a law enforcement vehicle and the county jail, Plaintiff JUSTIN was falsely imprisoned.

143.   Defendant BARNER personally and actively participated in the procurement of Plaintiff JUSTIN's false imprisonment by handcuffing Plaintiff JUSTIN and acting in concert with co-conspirators Knott, Stanford and Russell as alleged herein.

144.   Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff JUSTIN had broken no laws and was not otherwise a danger to Defendants.

145.   As a direct and proximate result Plaintiff JUSTIN was damaged.

WHEREFORE Plaintiff JUSTIN demands judgment for compensatory and punitive damages and costs of the action against Defendant BARNER.

## COUNT XXIV
### (Negligence - Justin/Ritz)

146.   At all times material hereto, Defendant RITZ had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

147.   At all times material hereto, Defendant RITZ had a duty to apply

accepted industry standards of guest relations and procedures to the Plaintiffs.

148.   At all times material hereto, Defendant RITZ had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident.

149.   Defendant RITZ breached its duty to Plaintiffs, and specifically Plaintiff JUSTIN, by failing to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and truthfully advise law enforcement of the true facts of the incident.

150.   It was foreseeable to Defendant RITZ that harm would come to Plaintiff JUSTIN as a result of its breaches of duty in that intervention by law enforcement carries with it known risks of physical injury and deprivation of rights.

151.   As a direct and proximate result of the wrongful conduct of Defendant RITZ as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

WHEREFORE Plaintiff JUSTIN demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

## COUNT XXV
### (Negligence- Justin/Barner)

152.   At all times material hereto, Defendant BARNER had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

153.   At all times material hereto, Defendant BARNER had a duty to apply accepted industry standards of guest relations and procedures to the Plaintiffs.

154.   At all times material hereto, Defendant BARNER  had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident.

155.   Defendant BARNER breached his duty to Plaintiffs, and specifically Plaintiff JUSTIN, by failing to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and truthfully advise law enforcement of the true facts of the incident.

156.   It was foreseeable to Defendant BARNER that harm would come to Plaintiff JUSTIN as a result of its breaches of duty in that intervention by law enforcement carries with it known risks of physical injury and deprivation of rights.

157.   As a direct and proximate result of the wrongful conduct of Defendant BARNER as alleged above, Plaintiff JUSTIN suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

WHEREFORE Plaintiff JUSTIN demands judgment for damages and costs of the action against Defendant BARNER.

## COUNT XXVI
(Malicious Prosecution-Justin/Ritz)

158.   Defendant RITZ accused Plaintiff  JUSTIN of destructive and dangerous behavior which accusation was false and known to Defendant RITZ to be false.

159.   Defendant RITZ falsely stated to law enforcement that Plaintiff JUSTIN had refused to leave the premises, when in truth and in fact, Plaintiff JUSTIN had never been asked to leave the premises.

160.   As a direct and proximate result, Plaintiff JUSTIN was unlawfully detained and taken into custody by law enforcement.

161.   As a direct and proximate result, Plaintiff JUSTIN was damaged.

WHEREFORE Plaintiff JUSTIN demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

## COUNT XXVII
### (Malicious Prosecution-Justin/Barner)

162.   Defendant BARNER accused Plaintiff JUSTIN of destructive and dangerous behavior which accusation was false and known to Defendant BARNER to be false.

163.   Defendant BARNER falsely stated to law enforcement that Plaintiff JUSTIN had refused to leave the premises, when in truth and in fact, Plaintiff JUSTIN had never been asked to leave the premises.

164.   As a direct and proximate result, Plaintiff JUSTIN was unlawfully detained and taken into custody by law enforcement.

165.   As a direct and proximate result, Plaintiff JUSTIN was damaged.

WHEREFORE Plaintiff JUSTIN demands judgment for compensatory and punitive damages and costs of the action against Defendant BARNER.

## COUNT XXVIII
### (Negligence- Michelle/Ritz)

166.   At all times material hereto, Defendant RITZ had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

167.   At all times material hereto, Defendant RITZ had a duty to apply accepted industry standards of guest relations and procedures to the Plaintiffs.

168.   At all times material hereto, Defendant RITZ had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident.

169.   Defendant RITZ breached its duty to Plaintiffs, and specifically Plaintiff MICHELLE, by failing to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and truthfully advise law enforcement of the true facts of the incident.

170.   It was foreseeable to Defendant RITZ that harm would come to Plaintiff MICHELLE as a result of its breaches of duty in that intervention by law enforcement carries with it known risks of physical injury and deprivation of rights.

171.   As a direct and proximate result of the wrongful conduct of Defendant RITZ as alleged above, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

WHEREFORE Plaintiff MICHELLE demands judgment for damages and costs of the action against Defendant RITZ.

## COUNT XXIX
(Negligence- Michelle/Barner)

172.   At all times material hereto, Defendant BARNER had a duty to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him.

173.   At all times material hereto, Defendant BARNER had a duty to apply accepted industry standards of guest relations and procedures to the Plaintiffs.

174.   At all times material hereto, Defendant BARNER had a duty to Plaintiffs to properly and truthfully advise law enforcement of the true facts of the incident.

175.   Defendant BARNER breached his duty to Plaintiffs, and specifically Plaintiff MICHELLE, by failing to advise Plaintiff JUSTIN to leave the premises before employing law enforcement to eject him, by failing to apply accepted industry standards of guest relations and procedures and by failing to properly and truthfully advise law enforcement of the true facts of the incident.

176.   It was foreseeable to Defendant BARNER that harm would come to Plaintiff MICHELLE as a result of its breaches of duty in that intervention by law

enforcement carries with it known risks of physical injury and deprivation of rights.

177.   As a direct and proximate result of the wrongful conduct of Defendant BARNER as alleged above, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life, as well as loss of the costs and related charges of his defense of criminal charges.

WHEREFORE Plaintiff MICHELLE demands judgment for damages and costs of the action against Defendant BARNER.

## COUNT XXX
(Battery-Michelle/Ritz)

178.   Plaintiff MICHELLE was intentionally physically struck and/or unlawfully touched by co-conspirators of Defendant RITZ, Russell, Knott and Stanford, against her will.

179.   As a direct and proximate result, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff MICHELLE demands judgment for damages and costs of the action against Defendant RITZ.

## COUNT XXXI
### (Battery-Michelle/Barner)

180.   Plaintiff MICHELLE was physically struck and/or unlawfully touched by co-conspirators of Defendant BARNER, Russell, Knott and Stanford, against her will.

181.   As a direct and proximate result, Plaintiff MICHELLE suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment, and loss of capacity for the enjoyment of life and the cost of medical care.  Such injuries are either permanent or continuing.

WHEREFORE Plaintiff MICHELLE demands judgment for compensatory and punitive damages and costs of the action against Defendant BARNER.

## COUNT XXXII
### (False Imprisonment-Michelle/Ritz)

182.   By being placed in physical custody, handcuffs, a law enforcement vehicle and the county jail, Plaintiff MICHELLE was falsely imprisoned.

183.   Defendant RITZ personally and actively participated in the procurement of Plaintiff MICHELLE's false imprisonment by acting in concert with co-conspirators Knott, Stanford and Russell as alleged herein.

184.    Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff MICHELLE had broken no laws and was not otherwise a danger to Defendants.

185.    As a direct and proximate result, Plaintiff MICHELLE was damaged.

WHEREFORE Plaintiff MICHELLE demands judgment for compensatory and punitive damages and costs of the action against Defendant RITZ.

COUNT XXXIII
(False Imprisonment-Michelle/Barner)

186.    By being placed in physical custody, handcuffs, a law enforcement vehicle and the county jail, Plaintiff MICHELLE was falsely imprisoned.

187.    Defendant BARNER personally and actively participated in the procurement of Plaintiff MICHELLE's false imprisonment by acting in concert with co-conspirators Knott, Stanford and Russell as alleged herein.

188.    Such restraint was unreasonable and unwarranted under the circumstances as Plaintiff MICHELLE had broken no laws and was not otherwise a danger to Defendants.

189.    As a direct and proximate result, Plaintiff MICHELLE was damaged.

WHEREFORE Plaintiff MICHELLE demands judgment for damages and costs of the action against Defendant BARNER.

## COUNT XXXIV
### (Loss of Business Revenue-All Defendants)

190.   The allegations of Counts V, VI, VII, XII, XIII, XIV, XV, XVI, XVII, XVIII and XIX, above, are realleged herein.

191.   Plaintiffs GEDDY LEE WEINRIB, NEIL PEART, 113696 CANADA LIMITED, BY-TOUR, INC., S.R.O. MANAGEMENT INC., LDP ENTERTAINMENT, LERXST MUSIC INC. , DIRK MUSIC INC., PRATT MUSIC INC. and THE ANTHEM ENTERTAINMENT GROUP INC. are individuals and business entities with which Plaintiff ALEX ZIVOJINOVICH is associated that have suffered damage through loss of revenue as a direct and proximate result of the wrongful conduct of defendants with regard to Plaintiff ALEX ZIVOJINOVICH in that Plaintiff ALEX ZIVOJINOVICH is, and was at all times material hereto, a key performer and key employee of the internationally known entertainment group "RUSH" which also includes Plaintiffs GEDDY LEE WEINRIB and NEIL PEART.

192.   The injuries and loss of working ability and opportunity sustained by Plaintiff ALEX ZIVOJINOVICH, as a result of the conduct alleged in Counts V, VI, VII, XII, XIII, XIV, XV, XVI, XVII, XVIII and XIX, were such as to cause a reduction in touring performances and recording sessions, thereby resulting in loss of revenue for all Plaintiffs named in this count.

WHEREFORE Plaintiffs demand judgment for damages against Defendants.

## PLAINTIFFS DEMAND TRIAL BY JURY.


By:_____
**MICHAEL R.N. McDONNELL**
Florida Bar No. 124032

**McDONNELL TRIAL LAWYERS**
5150 Tamiami Trail North
Suite 501, Newgate Tower
Naples, Florida 34103
(239) 434-7711 telephone
(877) 613-7485 facsimile
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of October, 2005, I electronically

filed the foregoing with the Clerk of Court using the CM/ECF system which will send a

notice of electronic filing to the following:

**Paul G. Finizio, Esq.**
Finizio & Finizio, P.A.
106 SE 9th Street
Fort Lauderdale, FL 33316
Counsel for Counter/Cross Plaintiff Amy Stanford

**Richard A. Giuffreda, Esq.**
Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Fort Lauderdale, FL 33304
Counsel for Defendants: Knott, Russell & Stanford

**Judith M. Mercier, Esq.**
Holland & Knight, LLP

200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Counsel for Defendants HMC BN Ltd Partnership & Barner

**Paul M. Weekley, Esquire**
Burton, Shulte, Weekley, Hoeler
 McLaughlin & Beytin
Post Office Box 1772
Tampa, FL 33601-1772
Attorneys for Counter-Defendant, Alex Zivojinovich




By:   /s/ Michael R.N. McDonnell
**MICHAEL R.N. McDONNELL**
Florida Bar No. 124032


**McDONNELL TRIAL LAWYERS**
5150 Tamiami Trail North
Suite 501, Newgate Tower
Naples, Florida 34103
(239) 434-7711 telephone
(877) 613-7485 facsimile
Attorney for Plaintiffs