```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ALEX ZIVOJINOVICH; JUSTIN ZIVOJINOVICH; MICHELLE ZIVOJINOVICH, GEDDY LEE WEINRIB, NEIL PEART, 113696 CANADA LIMITED, BY-TOUR, INC., S.R.O. MANAGEMENT, INC., LDP ENTERTAINMENT, LERXST MUSIC, INC., DIRK MUSIC, INC., PRATT MUSIC, INC., and THE ANTHEM ENTERTAINMENT GROUP, INC.,

Plaintiffs,

vs.                                     Case No. 2:05-cv-263-FtM-29SPC

THE RITZ CARLTON HOTEL COMPANY, LLC
d/b/a THE RITZ CARLTON NAPLES,
FRANK BARNER, CHRISTOPHER KNOTT,
SCOTT RUSSELL and AMY STANFORD

Defendants.

_____

## OPINION AND ORDER

On December 31, 2003, a New Year's Eve function was sponsored by The Ritz Carlton of Naples at its hotel in Collier County, Florida. According to the Amended Complaint, this event "consisted of dinner, music, dancing, alcoholic beverages and party favors at a significant cost per person." (Doc. #45, ¶ 8.) Events not on the evening's agenda have now resulted in a thirty-four count civil complaint by thirteen plaintiffs against five defendants alleging both federal civil rights violations and assorted state law claims.

This matter comes before the Court on three Motions to Dismiss: (1) Defendants Knott, Russell, and Stanford's Motion to

Dismiss Count XXXIV of the Amended Complaint (Doc. #50); (2) plaintiff/counter-defendant Alex Zivojinovich's Motion to Dismiss the counterclaim (Doc. #52), to which a Response (Doc. #56) was filed; and (3) Defendants Ritz-Carlton and Barner's Motion to Dismiss Amended Complaint (Doc. #53), to which a Response (Doc. #60) was filed.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint or counterclaim as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint or counterclaim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint or counterclaim must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint or counterclaim, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth

-2-

of the factual allegations of the pleading, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint or counterclaim. Marsh, 268 F.3d at 1036 n. 16.

## II.

The facts set forth in the Amended Complaint, which are accepted as correct at this stage of the proceedings, are as follows: On December 31, 2003, plaintiffs Alex Zivojinovich ("Alex,"), his son Justin Zivojinovich ("Justin"), Justin's wife Michelle ("Michelle), Geddy Lee Weinrib ("Weinrib"), and Neil Peart ("Peart") were attending a New Year's Eve function sponsored and conducted by defendant Ritz Carlton Hotel Company, LLC d/b/a/ Ritz Carlton Naples ("the Ritz"). Twice during the celebration Justin went on stage where the musicians were performing. Defendant Frank Barner ("Barner"), the managing agent in charge of the event and an employee of the Ritz, asked Justin to refrain from getting on stage again or he would be asked to leave the premises. The Amended Complaint alleges Justin complied with this instruction, but Barner nonetheless had the Collier County Sheriff's Office called to evict Justin. The Amended Complaint further asserts that employees of the Ritz falsely told the Sheriff's Office that Justin was engaged in dangerous and destructive behavior.

The Amended Complaint alleges that defendants Christopher Knott ("Deputy Knott") and Amy Stanford ("Deputy Stanford") were the first officers to arrive on the scene. Barner informed the deputies that Barner wanted Justin removed from the premises. Deputy Knott told Justin to gather his belongings because he was to be escorted off the premises. Deputies Knott and Stanford physically restrained Justin and escorted him out through a back hallway and stairwell leading to a service entrance. While escorting Justin, Deputies Knott and Stanford applied illegal, unjustified, and excessive force, causing Justin severe discomfort and pain. As the group began to descend the stairs, Justin pulled his right arm from Deputy Stanford's grasp. Deputies Knott and Stanford then took Justin to the floor "with excessive force," and Deputy Knott and defendant Scott Russell ("Deputy Russell") used a Taser gun on Justin on multiple occasions. Justin was then arrested and handcuffed by Barner, who was acting in concert with Deputies Knott, Stanford, and Russell.

The Amended Complaint further alleges that Michelle verbally complained about the excessive force used against her husband, and was arrested by Deputy Russell without probable cause or legal authority. Alex, in fear for the safety of his son, went to Justin's assistance and was battered by the three deputies and tased multiple times.

The thirty-four count Amended Complaint alleges, pursuant to 42 U.S.C. §1983, violations of the Fourth, Fifth and Fourteenth

Amendment rights of Alex, Justin and Michelle, and alleges state law claims of negligence, battery, false imprisonment, and malicious prosecution. In Count XXXIV of the Amended Complaint, plaintiffs Geddy Lee, Neil Pert, 113696 Canada Limited, By-Tour, Inc., S.R.O. Management Inc., LDP Entertainment, Lerxst Music Inc., Dirk Music Inc., Pratt Music Inc., and The Anthem Entertainment Group, Inc. seek damages for loss of business revenue resulting from the injuries suffered by Alex as alleged in the Amended Complaint.

Defendants Knott, Russell, and Stanford filed a Partial Answer and Defenses to the Plaintiffs' Amended Complaint (Doc. #49). Included is a Counterclaim by Deputy Knott against Alex for a state-law battery claim based upon Alex's spitting blood on Deputy Knott's face.

### III.

Deputy Knott's counterclaim (Doc. #49) alleges battery against Alex for intentionally spitting blood on Deputy Knott's face, mouth, eyes and nose during Alex's lawful arrest process. The Counterclaim alleges that Deputy Knott was seriously injured and suffered physical pain and mental anguish as a result of this intentional battery. Deputy Knott further states that he underwent monthly testing in order to determine whether he had contracted a blood born disease as a result of the spitting, and that he was unable to have any contact with his wife, who was pregnant at the time.

Alex moves to dismiss a portion of this counterclaim. Alex concedes, as he must, that spitting bodily fluids constitutes a battery. E.g., Mohansingh v. State, 824 So. 2d 1053 (Fla. 5th DCA 1004); Jenkins v. State, 884 So. 2d 1014, 1018 n.1 (Fla. 1st DCA 2004). Alex argues, however, that Deputy Knott cannot recover damages based upon the medical testing, isolation from his wife, and mental anguish based upon his fear of contracting the AIDS virus. Alex relies upon Wilson-Watson v. Dax Arthritis Clinic, Inc., 766 So. 2d 1135 (Fla. 2nd DCA 2000) and Coca-Cola Bottling Co. v. Hagan, 750 So. 2d 83 (Fla. 5th DCA 2000). Neither case supports dismissal.

Wilson was a negligence case, not a claim of an intentional battery, and addressed "the elements of a negligence cause of action for fear of contracting AIDS." Wilson, 766 So. 2d at 1135. Additionally, the procedural posture was at the summary judgment stage, not on a motion to dismiss. The Hagan decision relied upon in Wilson and by Alex in this case was quashed by the Florida Supreme Court in Hagan v. Coca-Cola Bottling Co., 804 So. 2d 1234 (Fla. 2001). In any event, that case also did not involve a battery charge, but rather a negligence claim of infliction of emotional distress. Further, Hagan addressed the issue after a jury trial, not on a motion to dismiss.

The Court cannot say at this stage of the proceedings that Deputy Knott will be unable to put forth any set of facts which would allow recovery of these damages in his battery claim. The

Court concludes that Alex's Motion to Dismiss must be denied because he has not satisfied the federal dismissal standard summarized above.

**IV.**

Count XXXIV of the Amended Complaint is titled "Loss of Business Revenue" and is brought by plaintiffs Geddy Lee, Neil Pert, 113696 Canada Limited, By-Tour, Inc., S.R.O. Management Inc., LDP Entertainment, Lerxst Music Inc., Dirk Music Inc., Pratt Music Inc., and The Anthem Entertainment Group, Inc. against all defendants. This count asserts that Alex was "a key performer and key employee of the internationally known entertainment group 'RUSH' . .. " (Doc. #45, ¶ 191), and that the injuries caused to Alex as set forth in his § 1983 and state-law claims reduced the group's touring performances and recording sessions and thus resulted in a loss of revenue to these plaintiffs. Defendants Knott, Russell, and Stanford assert that Count XXXIV must be dismissed because these plaintiffs lack standing.[1]

---

[1] Motions which raise lack of standing attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1). Doe v. Prior, 344 F.3d 1282, 1284 (11th Cir. 2003). Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corporation, 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Morrison, 323 F.3d at 924 n.5. The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the
(continued...)

The Court doubts that there is a free-standing claim under Florida law for "loss of business revenue." Plaintiffs have not identified any legal basis for such a claim. Assuming, however, that such a cause of action exists, the Court agrees that these plaintiffs have not alleged any standing.

Article III of the United States Constitution limits the jurisdiction of a federal court to adjudicating actual cases and controversies. U.S. Const. Art. III, § 2, cl. 1. A component of the case or controversy requirement is standing, which determines "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." National Alliance for the Mentally Ill v. Bd. of County Comm., 376 F.3d 1292, 1294 (11th Cir. 2004). It is plaintiffs' responsibility to allege facts sufficient to establish their standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226,

---

[1](...continued)
allegations." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1536 n.5 (11th Cir. 1994) (citation omitted). The facial attack standard is thus similar to the Rule 12(b)(6) standard. O'Halloran v. First Union National Bank of Florida, 350 F.3d 1197 (11th Cir. 2003)(addressing standing under Rule 12(b)(6)); Doe, 344 F.3d at 1284-85. The current motion attacks only the allegations in the Amended Complaint.

1229-30 (11th Cir. 2000); see also Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

In order to establish constitutional standing, a plaintiff must adequately allege, and ultimately prove, three elements: (1) that each has suffered a particularized concrete injury to a legally protected interest (an "injury-in-fact"); (2) that the injury is fairly traceable to the challenged action (causation); and (3) that it is likely the injury may be redressed by judicial action (redressability). Charles H. Wesley Educ. Foundation, Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005). These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vermont Agency of Natural Resources v. United States, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville, 508 U.S. 656, 664 (1993). Additionally, several court-created prudential limitations must be satisfied. Kowalski v. Tesmer, 543 U.S. 125, 128 (2004); Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 (11th Cir. 1993).

As to the defendant deputies, Count XXXIV alleges that the cause of plaintiffs' injury (lost business revenue) was the injuries Alex suffered as the result of the § 1983 claims set forth in Counts V, VI, and VII. Count XXXIV does not allege that the defendant deputies deprived any of the named plaintiffs of a right secured under the United States Constitution or federal law.

Instead, plaintiffs allege that Alex's constitutional rights were violated, Alex suffered injuries, and as a result these plaintiffs have been damaged by losing business revenue. The Court concludes that the Count XXXIV plaintiffs have not alleged and cannot establish at least the first two requirements for constitutional standing. Therefore, Count XXXIV is due to be dismissed with prejudice as to the defendant deputies.

Alternatively, even if constitutional standing has been established, the Count XXXIV plaintiffs have not established the prudential requirement that "a party generally must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties." Kowalski, 543 U.S. at 129 (quotation and citation omitted). In relatively rare situations, a third party is allowed standing if that party shows a sufficiently close relationship with the person who possesses the right and shows there is a hindrance to the possessor's ability to protect his own interests. Kowalski, 543 U.S. at 129-30. In this case, the Count XXXIV plaintiffs have alleged neither aspect, and therefore have not shown third party standing.

**V.**

The Ritz and Barner move to dismiss counts VIII through XIII of the Amended Complaint because these § 1983 claims fail to sufficiently allege defendants acted "under color of state law"; Counts VIII, X, and XII because the § 1983 claims cannot be based upon respondeat superior liability; and the state law claims

asserted in Counts XIV through XXXIV because they fail to state claims against the Ritz or Barner.

**A.**

The Amended Complaint asserts § 1983 claims against the Ritz, for violation of the Fourth, Fifth, and Fourteenth Amendment rights of Justin (Count VIII), Michelle (Count X), and Alex (Count XII). The Amended Complaint also asserts § 1983 claims against Barner for violation of the Fourth, Fifth, and Fourteenth Amendment rights of Justin (Count IX), Michelle (Count XI), and Alex (Count XIII). All three plaintiffs assert that this conduct was pursuant to a conspiracy with the Collier County Sheriff's Office and deputies Knott, Stanford, and Russell, and thus was under color of state law. (Doc. #45, ¶¶ 6, 7, 32, 60, 75, 83, 90, 97, 104).

The Ritz and Barner argue that plaintiffs failed to meet the heightened pleading requirements of a §1983 claim and a conspiracy claim. Defendants further argue that plaintiffs' allegations of conspiracy are conclusory and fail to "allege material facts regarding a willful collaboration with law enforcement, or describe how Ritz-Carlton and Barner were jointly engaged with law enforcement pursuant to a preconceived agreement or plan." (Doc. #53, p.3). The Court disagrees with these arguments.

The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners,

Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. Therefore, the Ritz is not entitled to the application of a heightened pleading standard. As to Barner, it appears that he too would not be entitled to qualified immunity, Wyatt v. Cole, 504 U.S. 158 (1992), and therefore the heightened pleading standard would not be applicable to him either.

The substantive law is well settled. "Conspiring to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-1284 (11th Cir. 2002). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." Bailey v. Bd. of County Comm. Of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992), cert. denied, 506 U.S. 832 (1992)(quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990), cert. denied, 500 U.S. 932 (1991)). Plaintiff need not produce a "smoking gun" to establish the "understanding" or "willful participation" required to show a conspiracy, but must show some evidence of agreement between the defendants. Rowe, 279 F.3d at 1283-1284. *See also* Arline v. City of Jacksonville, 359 F. Supp. 2d 1300, 1312 (M.D. Fla. 2005). Circumstantial evidence may be sufficient to establish a conspiracy if it proves the existence of the conspiracy. Burrell

v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 789 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1993).

After a careful review of the Amended Complaint, the Court finds plaintiffs have sufficiently set for their § 1983 claims and the conspiracy allegation. The Amended Complaint is not limited to conclusory allegations of conspiracy, but alleges specific facts from which a reasonable inference of a conspiracy can be drawn. The Amended Complaint informs defendant of the nature of the conspiracy which is alleged, as required by Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).

Ritz and Barner also argue that the Amended Complaint fails to adequately allege they acted under color of state law, as is required to state a valid claim under §1983. In a §1983 claim, a plaintiff must usually show that the constitutional deprivation was caused by a person acting under color of state law. The Eleventh Circuit has summarized the three distinct tests used to determine whether the actions of a private entity are considered to be under color of state law as the public function test, the state compulsion test, and the nexus/joint action test. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003)(citing Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993)). See also Brentwood Academy v. Tennessee Secondary School Athletic Assn., 531 U.S. 288 (2001). Additionally, "[a] private person who conspires with state officials acting under color of state law may be held liable

-13-

for damages in a § 1983 action for participating in the conspiracy regardless of whether the state officials are themselves immune from suit." Kadivar v. Stone, 804 F.2d 635, 636 (11th Cir. 1986).

The Court agrees with plaintiffs that the Amended Complaint sufficiently alleges that Barner, as an agent for the Ritz, performed a public function when he participated with Deputies Knott, Russell, and Stanford in the detention and arrest of Alex, Justin, and Michelle, and that this conduct fell within the nexus/joint action test. Additionally, since a conspiracy is properly alleged, this also sufficiently alleges the under color of law requirement.

The Ritz also asserts that the § 1983 claims as to it, Counts VIII, X, and XII, must be dismissed because only *respondeat superior* liability is pled and *respondeat superior* will not support a § 1983 claim. The Ritz is correct both in its claim that only *respondeat superior* liability is plead in the Amended Complaint and that this is legally insufficient to support a § 1983 claim. Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997). Accordingly, Counts VIII, X, and XII will be dismissed.

**B.**

The Ritz and Barner seek dismissal of the state law claims asserted in counts XIV through XXXIV because they fail to state claims against them. Counts XIV, XV, XXIV, XXV, XXVIII, and XXIX assert claims of negligence. Counts XXVI and XXVII assert claims

of malicious prosecution. Counts XVIII, XIX, XXII, XXIII, XXXII, and XXXIII assert claims of false imprisonment. Counts XVI, XVII, XX, XXI, XXX, and XXXI assert claims of battery.

### 1.  Negligence

Defendants argue that the negligence counts must be dismissed because they rely on conclusory allegations that the Ritz and Barner had the duty to: (1) advise plaintiffs to "leave the premises before employing law enforcement to eject [them]," (2) "apply accepted industry standards of guest relations and procedures to the plaintiffs," and (3) "properly and truthfully advise law enforcement of the true facts of the incident for which they were summoned." Defendants argue that while a hotel operator has a generalized duty to use reasonable care towards its patrons, this generic duty does not include those specified by plaintiffs.

An owner or operator of a hotel has a duty to employ reasonable care for the protection of its patrons. Aquila v. Hilton, Inc., 878 So. 2d 392, (Fla. 1st DCA 2004). This duty of reasonable care does not require hotels to insure the safety of their patrons, but does extend to necessitate a hotel protect patrons from harm due to reasonably foreseeable risks of injury Hardy v. Pier 99 Motor Inn, 664 So. 2d 1095, 1097 (Fla. 1st DCA, 1995). See also Blier v. Statewide Enter., Inc., 890 So. 2d 522, 523 (Fla. 4th DCA, 2005).

Plaintiffs assert that <u>Blier</u> stands for the proposition that a duty may arise to act carefully and not to put others at risk of undue harm when one undertakes to provide a service to others. From this, plaintiffs assert that defendants assumed a duty to act carefully and to not put plaintiffs at an undue risk of harm by virtue of their hosting a New Year's Eve function at which plaintiffs were guests. The court agrees that there is a duty of reasonable care, and finds that the negligence counts of the Amended Complaint sufficient plead such a duty, although not in the precise words. Since it cannot be said that there is no set of facts under which plaintiffs can prevail, the motion to dismiss the negligence counts will be denied. The issue of whether Barner and the Ritz breached that duty is a question of fact for the jury. <u>See</u> <u>Florida Power and Light Co. V. Lively</u>, 465 So.2d 1270, 1273 (Fla. 3rd DCA 1985).

### 2. **Malicious Prosecution**

Defendants argue that the malicious prosecution claims in Counts XXVI and XXVII should be dismissed for failure to sufficiently allege the elements of such a claim. The Court agrees.

"The elements of a malicious prosecution claim are:(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present

plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." Valdes v. GAB Robins North America, Inc., 924 So. 2d 862, 866 n.1 (Fla. 3d DCA, 2006)(citing Alamo Rent-A-Car, Inc. v. Marcusi, 632 So. 2d 1352, 1355 (Fla. 1994)). Neither of the two malicious prosecution claims set forth the required elements. Accordingly, Counts XXVI and XXVII will be dismissed without prejudice.

### 3. False imprisonment

Defendants argue that the false imprisonment claims in Counts XVIII and XIX should be dismissed for failure to sufficiently allege the elements of such a claim. The Court disagrees.

"The tort of false imprisonment or false arrest is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty. A plaintiff must show that the detention was unreasonable and unwarranted under the circumstances." Rivers v. Dillards Dep't Store, Inc., 698 So. 2d 1328, 1331 (Fla. 1st DCA 1997) (internal citations and quotations omitted). The two false imprisonment counts allege facts satisfying all the elements of this cause of action. Defendants'

argument that there are insufficient allegations to support that the restraint was against plaintiffs' will borders on frivolous. Additionally, the actions alleged in the Amended Complaint fall beyond the scope of Pokorny v. First Federal Sav. Ass'n of Largo, 382 So.2d 678 (Fla. 1980) which held that private citizens may not be liable for the tort of false imprisonment for "reporting of an incident to law enforcement . . . even if the communication caused an arrest." (Doc. #53, p. 19). The Amended Complaint alleges defendants' report to law enforcement was false and not in good faith and that Barner personally arrested and detained Justin. The motion will be denied as to the false arrest claims.

### 4. Battery

Defendants argue that the battery claims in Counts XVI, XVII, XX, XXI, XXX, XXXI should be dismissed for failure to sufficiently allege the elements of such a claim. The Court disagrees.

Under Florida law, battery is defined as actually and intentionally touching or striking another person against the will of the other or intentionally causing bodily harm to another person. Fla. Stat. § 784.03. The facts in the Amended Complaint are clearly sufficient to support a reasonable inference of the required intent. The allegations of striking by co-conspirators in some of the counts is sufficient to state a claim against the Ritz and Barner. E.g., Nicholson v. Kellin, 481 So. 2d 931, 935 (Fla. 5th DCA 1986). Accordingly, the motion will be denied as to the battery counts.

**C.**

Defendants Barner and the Ritz seek to dismiss Count XXXIV of plaintiff's Amended Complaint.  For the reasons previously enumerated, the Court will dismiss Count XXXIV against plaintiffs Barner and the Ritz.

Accordingly, it is now

**ORDERED**:

1.  Defendants Knott, Russell, and Stanford's Motion to Dismiss Count XXXIV of the Amended Complaint (Doc. #50) is **GRANTED**, and Count XXXIV against defendants Knott, Russell, and Stanford is dismissed with prejudice.

2.  Plaintiff/counter defendant, Alex Zivojinovich's Motion to Dismiss (Doc. #52) the counterclaim is **DENIED**.

3.  Defendants Ritz-Carlton and Barner's Motion to Dismiss Amended Complaint (Doc. #53) is **GRANTED IN PART AND DENIED IN PART** as follows: Counts VIII, X, XII, XXVI, XXVII, and XXXIV are dismissed; the motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of August, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-19-